**UNITED STATES of America,**

v.

**Godfrey L. SIMMONS Appellant.**

No. 03–2013.

United States Court of Appeals, Third Circuit.

Argued May 4, 2004.

Decided March 22, 2005.

Robert Epstein (Argued), Assistant Federal Defender, David L. McColgin, Supervising Appellate Attorney, Maureen Kearney Rowley, Chief Federal Defender, Federal Court Division, Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Patrick L. Meehan, United States Attorney, Laurie Magid, Deputy United States Attorney for Policy and Appeals, Robert A. Zauzmer, Assistant United States Attorney, Senior Appellate Counsel, Jennifer Arbittier Williams (Argued), Assistant United States Attorney, Philadelphia, PA, for Appellee.

Before SLOVITER, FUENTES, and BECKER, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Godfrey L. Simmons, a native of Guyana, was charged with and pled guilty to one count of illegal reentry after deportation. The District Court sentenced Simmons, pursuant to the United States Sentencing Guidelines ("U.S.S.G."), to a 48 month term of imprisonment. In determining the sentence, the District Court granted the Government's motion for an upward departure under U.S.S.G. § 4A1.3 on the grounds that Simmons' criminal history category did not adequately reflect the seriousness of his past criminal conduct and the likelihood of recidivism. Simmons thereafter appealed his sentence, arguing that the District Court erred in imposing the upward departure. This Court heard oral argument on May 4, 2004.

Shortly thereafter, the U.S. Supreme Court issued its opinion in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Simmons filed a motion for leave to file a supplemental brief, which this Court took under advisement and held C.A.V. pending further decision of this Court. Following the decision of the Supreme Court in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and in response to this Court's directive of February 17, 2005, Simmons now challenges his sentence under *Booker.*

Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker.* Simmons raises no challenge as to his conviction and accordingly has waived any argument in this regard. We will affirm the judgment of conviction.